THE HONORABLE KYMBERLY K. EVANSON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIMAX COMMUNICATIONS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC. a Delaware Corporation with corporate offices in Bellevue, Washington,<br><br>Defendants. | No. 2:23-cv-01830- KKE<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR:**<br>February 16, 2024 |

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 4

    A. Legal Standard ........................................................................................................... 4

    B. Unimax has not stated a claim for breach of contract................................................ 5

        1. T-Mobile did not breach its contract with Unimax because the contract explicitly authorized T-Mobile to cancel purchase orders. ........... 5

        2. T-Mobile did not violate a duty of good faith and fair dealing, because it acted in accordance with the contract negotiated by the parties. .................................................................................................... 7

    C. Unimax fails to state a claim for intentional interference with prospective economic advantage or inducing breach of contract................................................. 8

    D. Unimax has not stated a claim for fraudulent and/or negligent misrepresentation. .................................................................................................... 10

    E. Unimax's declaratory judgment claim is not a proper cause of action, and Unimax has not stated a claim for declaratory relief. ........................................... 13

    F. Unimax's claims should be dismissed with prejudice and without leave to amend. ..................................................................................................................... 14

IV. CONCLUSION ..................................................................................................................... 14

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page i

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington  98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*,
   631 F. Supp. 3d 950 (W.D. Wash. 2022) ................................................................... *passim*

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. *passim*

*Austin v. Ettl*,
   171 Wash. App. 82, 286 P.3d 85 (2012) ............................................................................ 11

*Badgett v. Security State Bank*,
   116 Wash.2d 563 (1991) ............................................................................................... 7, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................................. 5

*Birkenwald Distrib. Co. v. Heublein, Inc.*,
   55 Wash. App. 1, 776 P.2d 721 (1989) .............................................................................. 10

*Bisson v. Bank of Am., N.A.*,
   919 F. Supp. 2d 1130 (W.D. Wash. 2013) ..................................................................... 12, 13

*Bucher Aerospace Corp. v. Bombardier Aerospace Corp.*,
   No. 22-CV-1238, 2023 WL 4421802 (W.D. Wash. July 10, 2023) ..................................... 11

*Chapel v. BAC Home Loans Serv., LP*,
   2012 WL 727135 (W.D. Wash. Mar. 6, 2012) ...................................................................... 7

*Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*,
   198 Wash. 2d 768 (2021), *rev'd on other grounds*, 598 U.S. 771 (2023) ............................. 13

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
   896 F.2d 1542 (9th Cir. 1989) ............................................................................................... 3

*Haywood v. Amazon.com, Inc.*,
   No. 2:22-cv-01094-JHC, 2023 WL 4585362 (W.D. Wash. July 18, 2023) ................. 3, 5, 14

*Johnson v. Yousoofian*,
   84 Wash.App. 755, 930 P.2d 921 (1996) .............................................................................. 7

*Leingang v. Pierce County Med. Bureau*,
   131 Wash.2d 133, 930 P.2d 288 (1997) ............................................................................ 8, 9

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page ii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ................................................................................................5

*McKee v. Gen. Motors Co.*,
    601 F. Supp. 3d 901 (W.D. Wash. 2022), *aff'd*, No. 22-cv-35456, 2023 WL
    7318690 (9th Cir. Nov. 7, 2023)............................................................................................13

*Microsoft Corp. v. Motorola, Inc.*,
    No. 10-cv-1823-JLR, 2011 WL 11480223 (W.D. Wash. June 1, 2011) ................................14

*Moore v. Commercial Aircraft Interiors, L.L.C.*,
    168 Wash. App. 502 (2012).....................................................................................................9

*Moore v. Kayport Package Exp., Inc.*,
    885 F.2d 531 (9th Cir. 1989) .................................................................................................12

*Newton Ins. Agency v. Caledonian Ins. Grp.*,
    114 Wash.App. 151, 52 P.3d 30 (2002).............................................................................8, 10

*Polskie Linie Lotnicze Lot S.A. v. Boeing Co.*,
    No. 21-cv-1449-RSM, 2022 WL 4598486 (W.D. Wash. Sept. 30, 2022)..............................11

*Pontiler S.A. v. OPI Prod. Inc.*,
    824 F. App'x 523 (9th Cir. 2020) .....................................................................................5, 14

*Ross v. Kirner*,
    162 Wash.2d 493, 172 P.3d 701 (2007).................................................................................11

*Saul v. United States*,
    928 F.2d 829 (9th Cir. 1991) .................................................................................................14

*Seabury & Smith, Inc. v. Payne Fin. Grp., Inc.*,
    393 F. Supp. 2d 1057 (E.D. Wash. 2005)............................................................................8, 9

*Segal Co. (E. States) v. Amazon.Com*,
    280 F. Supp. 2d 1229 (W.D. Wash. 2003).............................................................................12

*Stiley v. Block*,
    130 Wash.2d 486, 925 P.2d 194 (1996).................................................................................11

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir.2007) ..................................................................................................14

*Tran v. Bank of Am., N.A.*,
    No. 12-cv-1281-RSM, 2013 WL 64770 (W.D. Wash. Jan. 4, 2013) .....................................12

*W. Coast, Inc. v. Snohomish Cnty.*,
    112 Wash. App. 200, 48 P.3d 997 (2002)..............................................................................11

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page iii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington  98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Wessa v. Watermark Paddlesports, Inc.*,
  No. 06-cv-5156-FDB`, 2006 WL 1418906 (W.D. Wash. May 22, 2006) ............................... 12

*Wilson v. Bank of Am., NA*,
  No. 13-cv-1567-RSL, 2014 WL 841527 (W.D. Wash. Mar. 4, 2014) .................................... 12

**Statutes**

Declaratory Judgment Act ................................................................................................................ 13

RCW 62A ..................................................................................................................................... 5, 7

**Other Authorities**

Fed. R. Civ. P. 9(b) .................................................................................................................. 11, 12

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 3, 4

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page iv

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Defendant, T-Mobile USA, Inc. ("T-Mobile"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss Plaintiff Unimax Communications, LLC's ("Unimax") Complaint and submits this brief in support of its motion.

## I.  INTRODUCTION

T-Mobile's contract for the purchase of mobile phones from Unimax specifically authorized T-Mobile to cancel purchase orders before receipt of those phones without incurring any liability. After having ordered, received, and paid for more than 500,000 phones from Unimax, T-Mobile exercised its express contractual right to cancel its remaining phone orders. Though Unimax had negotiated, agreed to, and signed a contract with T-Mobile specifically authorizing T-Mobile's purchase order cancellations, it now claims T-Mobile somehow violated the parties' contract by exercising that right. Unimax's claims are disposed of by the express contractual language to which Unimax agreed.

The parties' contract provides that T-Mobile has the "right, without penalty, additional cost or liability, to make changes to any Purchase Order delivered to [Unimax] including, without limitation, <u>cancelling</u>" delivery of products ordered from Unimax. (Compl. Ex. 7 at p. 29, § 3.1(c) (emphasis added)). The contract further expressly provides that T-Mobile has no obligation to pay for products until it has received and accepted them and Unimax has submitted an invoice to T-Mobile for the products. (*See* Compl. Ex. 1 at p. 3, § 2.2(a).) Per Unimax's own Complaint, it is undisputed that T-Mobile canceled the purchase orders that are the subject of Unimax's Complaint **before** Unimax had delivered to T-Mobile any of the mobile devices that were the subject of those purchase orders. Because T-Mobile's cancellations were authorized by the parties' contract, Unimax has not and cannot plead a breach of contract claim against T-Mobile.

Unimax's other causes of action are derivative of its breach of contract claim and similarly fail to state a claim. T-Mobile exercising its express contractual right to cancel an order cannot give rise to any implied duty or tort claim contrary to the specific contractual rights Unimax granted to T-Mobile.

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

First, Unimax's claim for tortious interference with its relationship with its supplier, Great Talent, is devoid of factual allegations regarding Unimax's contract or business expectancy with Great Talent, T-Mobile's knowledge of that relationship, or any improper disruption of that relationship by T-Mobile. Unimax merely recites the elements of its claim—precisely the sort of "legal conclusion couched as a factual allegation" that courts must reject under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor can Unimax allege any wrongful interference for an improper purpose or through an improper means when T-Mobile merely exercised a contractual right.

Second, Unimax's claim for fraudulent or negligent misrepresentation is merely an effort to reframe its failed breach of contract claim—it amounts to no more than an allegation that T-Mobile represented it would accept delivery of devices it had ordered and later canceled those orders prior to receipt of the products. Unimax does not plead any facts showing that T-Mobile's representations were false when made. And, as a matter of law, future promises like T-Mobile's alleged statement that it would accept delivery of devices from Unimax cannot be actionable misrepresentations to support Unimax's claims.

Finally, because Unimax's other causes of action fail to state a claim, Unimax has not established the requisite "substantial controversy" to support its declaratory judgment claim.

Accordingly, T-Mobile respectfully requests that the Court dismiss Unimax's complaint in its entirety and with prejudice because the contract language makes any amendment futile.

## II.   BACKGROUND

In May 2021, T-Mobile entered into an agreement with Unimax, a manufacturer and supplier of mobile devices to numerous U.S. telecom companies, for the manufacturing, development, and delivery of U696CL phones. (*See* Compl. ¶¶ 3.1, 3.3, Exs. 1, 7.) The parties' agreement included a Master Agreement with an "Original Equipment Manufacturing and Supply Addendum" (hereinafter

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the "OEM Addendum").[1] The parties subsequently entered into Product Supplement Agreements on May 28, 2021 (Ex. 3), and February 25, 2022 (Ex. 4).

The parties' agreements comprise well over 100 pages and provide extensive rights and obligations to both T-Mobile and Unimax, including product warranties, licensing rights, indemnification, mobile device repairs, returns, and exchanges. (*See* Compl. Exs. 1, 3, 4, 7.) But the key terms of the parties' contract governing Unimax's claims as pleaded in the Complaint are straightforward.

Under the Master Agreement, T-Mobile has the right to order products from Unimax by submitting purchase orders. (*See* Compl. Ex. 7 at pp. 26, 29, §§ 1.3(b), 3.1.) T-Mobile is required to remit payment for all products it accepts from Unimax within 90 days after the date Unimax uploads an invoice for those products. (*See* Compl. Ex. 1 at p. 3, § 2.2(a).)

But the parties also agreed that T-Mobile would have a right to modify or cancel any purchase order prior to delivery of the products:

> **(c) Modifications to Purchase Orders.** T-Mobile will have the right, without penalty, additional cost or liability, to make changes to any Purchase Order delivered to Supplier including, without limitation, cancelling or moving a Specified Delivery Date. However, changes requiring volume increases shall require a new Purchase Order issued and will require separate confirmation of Supplier. Change requests must be made in writing (the "Modification Notice") and delivered in the same manner as a Purchase Order.

(Compl. Ex. 7 at p. 29, § 3.1(c).)

And T-Mobile's obligations to pay for products supplied by Unimax are expressly conditioned upon T-Mobile's receipt and acceptance of those products. The Master Agreement's payment terms provide, "All Services performed and Deliverables provided under this Agreement shall be

---

[1] The OEM Addendum is included within the contract attached as Exhibit 1 to the Complaint, beginning at page 25, but Unimax has also attached it separately as Exhibit 7. In this Motion, T-Mobile cites to the version attached as Exhibit 7 to the Complaint consistent with Unimax's citations. Because Unimax has expressly incorporated the agreements in Exhibits 1, 3, 4, and 7 into its Complaint by reference and attached them to the Complaint (*see* Compl. ¶¶ 2.3, 3.3, 3.6, 3.9, 3.38, Exs. 1, 3, 4, 7), the Court may consider them on a motion to dismiss. *Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362, at *3 (W.D. Wash. July 18, 2023) ("[T]he Court may consider Amazon's Conditions and Guidelines, which are attached to the complaint."); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (explaining that "material which is properly submitted as part of the complaint may be considered" by district courts when ruling on a Rule 12(b)(6) motion).

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

performed to the satisfaction of T-Mobile. The Acceptance of such Services and Deliverables by T-Mobile shall be a condition precedent to the right of Supplier to receive payment in full for such Services and Deliverables." (Compl. Ex. 1 at p. 3, § 2.2(a).) So, T-Mobile's obligation to pay is only triggered after three steps occur: 1) products are delivered to T-Mobile; 2) T-Mobile accepts the products; and 3) T-Mobile receives an invoice for those products.

Pursuant to the parties' agreements, T-Mobile executed purchase orders for the purchase of U696CL mobile devices over the course of several months in mid-to-late 2021. (*See* Compl. ¶¶ 3.7-3.8, Ex. 5.) However, by June 2022, T-Mobile had received reports of significant power issues with the U696CL mobile devices it had received from Unimax. (*Id.* ¶ 3.10.) Over the following year, T-Mobile undertook extensive efforts with Unimax to identify and resolve the power problems with the devices, sending a series of batches of devices to Unimax for analysis. (*Id.* ¶¶ 3.13-3.22.) As Unimax's Complaint acknowledges, Unimax's analysis of those batches of devices repeatedly identified problems with power to the devices. (*See id.* ¶¶ 3.13, 3.15, 3.17, 3.21.) T-Mobile also identified and discussed with Unimax problems with undeclared hardware changes to the U696CL mobile devices Unimax had delivered to T-Mobile. (*See id.* ¶¶ 3.24-3.25.)

In May 2023, after nearly a year of attempting to resolve problems with Unimax's U696CL mobile devices, T-Mobile canceled the purchase orders for 427,500 devices **not yet delivered** by Unimax. (*Id.* ¶¶ 3.36-3.37, Exs. 5-6.) Unimax responded by offering T-Mobile a substantial discount on the remaining U696CL mobile devices, which T-Mobile refused. (*Id.* ¶ 3.39.) Unimax does not allege that it delivered any of these 427,500 devices, let alone that T-Mobile accepted them. Nor does Unimax allege that it ever submitted invoices to T-Mobile for those devices.

### III.    ARGUMENT

#### A.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be "plausible," the complaint must allege sufficient facts for the court reasonably to infer that the

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington  98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

defendant is liable for the misconduct alleged. *Id.* Allegations that consist of labels, conclusions, or a recitation of the elements of a cause of action are insufficient to withstand a motion to dismiss. *See, e.g.*, *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 961 (W.D. Wash. 2022) ("A court 'need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint.'") (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)). Nor is the court required to accept as true a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

**B.    Unimax has not stated a claim for breach of contract.**

The Court should dismiss Unimax's breach of contract claim because the parties' contract expressly permits T-Mobile to cancel purchase orders prior to delivery without incurring an obligation to pay for the devices.

**1.    T-Mobile did not breach its contract with Unimax because the contract explicitly authorized T-Mobile to cancel purchase orders.**

"To state an actionable claim for breach of contract under RCW 62A, [a plaintiff] must show proof of a valid contract, a breach, and resulting damages." *Paradigm*, 631 F. Supp. 3d at 966 (internal quotation omitted). Unimax has not and cannot plead facts establishing a breach by T-Mobile because T-Mobile had the unfettered right to cancel a purchase order prior to receipt of the goods.

"Courts in the Ninth Circuit have routinely held that a breach of contract claim is not legally cognizable when based on conduct that the contract permits." *Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023) (dismissing breach of contract claim where "it seeks to hold Amazon liable for conduct authorized by the contract"); *see also, e.g.*, *Pontiler S.A. v. OPI Prod. Inc.*, 824 F. App'x 523, 526 (9th Cir. 2020) (affirming dismissal of breach of contract claims where "the contract, which was attached to the complaint, plainly states it can be terminated by 'notice given by either party to the other party addressed in writing of its intention not to renew [the] agreement at least one calendar month prior to the expiration of the . . . period'"); *Paradigm*, 631 F. Supp. 3d at 968 (enforcing contract provision permitting Amazon to terminate or modify purchase order prior to shipment).

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 5

**Corr Cronin llp**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The *Amazon v. Paradigm* decision is instructive here. In that case, a sister court recently rejected nearly identical claims to those Unimax is asserting here. Amazon submitted multiple purchase orders to Paradigm for gloves. But Amazon canceled its last order before the gloves shipped. The Court found that the contract "expressly permits [Amazon] to 'terminate or modify all or any portion' of the Purchase Order either prior to shipment or acceptance of the goods," and therefore, granted Amazon's motion to dismiss Paradigm's breach of contract counterclaim for orders of gloves that had not shipped yet. *Paradigm*, 631 F. Supp. 3d at 968.[2]

Here, just as in *Amazon v. Paradigm*, the contract between T-Mobile and Unimax expressly permits T-Mobile to cancel or modify a purchase order prior to delivery by Unimax. The parties specifically agreed that T-Mobile would have "the right, <u>without penalty, additional cost or liability</u>, to make changes to any Purchase Order delivered to Supplier including, without limitation, <u>cancelling</u> or moving" the delivery date. (Compl. Ex. 7 at p. 29, § 3.1(c) (emphasis added).)

Unimax does not allege that T-Mobile failed to pay for any U696CL mobile device delivered and invoiced to T-Mobile. Nor does it allege that T-Mobile canceled any purchase order for devices already delivered to T-Mobile. Those omissions are fatal to Unimax's claim.

Instead, contrary to the contract's plain language, Unimax alleges that Section 3.1(c) of the OEM Addendum only permits T-Mobile to cancel delivery, but that T-Mobile is still obligated to pay for canceled orders. (*See* Compl. Ex. 7 at p. 29, § 3.1(c).) That position is nonsensical, effectively reading the contract to mean that T-Mobile is obligated to pay Unimax regardless of whether Unimax actually delivers compliant devices or T-Mobile cancels or rejects those devices. It is also inconsistent with the express terms of the contract Unimax negotiated and agreed to with T-Mobile. Section 3.1(c) of the OEM Addendum plainly states that T-Mobile may modify purchase orders, including canceling delivery, "without penalty, additional cost or liability." (*Id.*) And the Master Agreement expressly limits T-Mobile's payment obligations to devices delivered to and accepted by T-Mobile and then

---

[2] In *Amazon v. Paradigm*, the court permitted one claim regarding one purchase order to proceed because the gloves had been shipped to and accepted by Amazon before cancellation. *Paradigm*, 631 F. Supp. 3d at 968. Here, there are no allegations that T-Mobile canceled a purchase order after receiving a shipment of the phones from Unimax. This critical distinction in *Paradigm* supports dismissal of Unimax's claims.

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

invoiced to T-Mobile by Unimax. (*See* Compl. Ex. 1 at p. 3, § 2.2(a).) Under the express terms of the parties' contract, T-Mobile had no obligation to pay for devices for purchase orders it canceled prior to delivery.

Therefore, Unimax has failed to plead a breach of any term of the contract.

### 2. T-Mobile did not violate a duty of good faith and fair dealing, because it acted in accordance with the contract negotiated by the parties.

Further, to the extent Unimax is attempting to plead a breach of contract claim based upon an alleged breach of the implied covenant of good faith and fair dealing,[3] that claim also fails.

Under Washington law, "[t]here is in every contract an implied duty of good faith and fair dealing [that] obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Chapel v. BAC Home Loans Serv., LP*, 2012 WL 727135, at *4 (W.D. Wash. Mar. 6, 2012) (quoting *Badgett v. Security State Bank*, 116 Wash.2d 563, 569 (1991)); *see also* RCW 62A.1-304 (setting forth duty in contract). The duty of good faith and fair dealing does not, however, "inject substantive terms into the parties' contract," nor does it "extend to obligate a party to accept a material change in the terms of its contract." *Badgett*, 116 Wash.2d at 569. The duty of good faith and fair dealing is not "free-floating" but "exists only in relation to performance of a specific contract term." *Id.* at 570; *see also Johnson v. Yousoofian*, 84 Wash.App. 755, 762, 930 P.2d 921 (1996) ("The implied duty of good faith is derivative, in that it applies to the performance of specific contract obligations. If there is no contractual duty, there is nothing that must be performed in good faith.") (citations omitted). "As a matter of law, there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms." *Badgett*, 116 Wash.2d at 570 (citations omitted).

The *Amazon v. Paradigm* case is again instructive here. In *Paradigm*, the court rejected Paradigm's claim for breach of the duty of good faith and fair dealing because Amazon's purchase order cancellation was consistent with the contract. Like Unimax here, Paradigm alleged that Amazon

---

[3] Unimax has not pleaded any of its causes of action as a breach of an implied duty of good faith and fair dealing, but it has alleged that such a duty was incorporated into the parties' contract. (*See* Compl. §§ 4.8, 4.14.)

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington  98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

"wrongfully delayed and cancelled the purchase orders without evidence, documentation or any other information in support" of the cancellation. However, "Paradigm failed to specify a contract term requiring Amazon to provide evidence, documentation, or support for cancellation, or specify any duties relating to delays in acceptance of the gloves." *Paradigm*, 631 F. Supp. 3d at 969.

Similarly, here, Unimax has not specified any contractual duties preventing T-Mobile from canceling its purchase orders for devices Unimax had not yet delivered to T-Mobile. Indeed, the parties' contract expressly permits T-Mobile to cancel purchase orders. *See supra* at 4. Conclusory allegations that T-Mobile breached its contractual obligations by canceling its purchase orders for Unimax U696CL devices do not support a claim for breach of duty of good faith and fair dealing. *See Paradigm*, 631 F. Supp. 3d at 969. As a matter of law, T-Mobile has not breached a duty of good faith and fair dealing by "stand[ing] on its rights" to cancel purchase orders under the "contract according to its terms." *See Badgett*, 116 Wash.2d at 570. Unimax therefore cannot state a claim for breach of the implied covenant of good faith and fair dealing.

**C.     Unimax fails to state a claim for intentional interference with prospective economic advantage or inducing breach of contract.**

Unimax's tort claims are wholly lacking in factual allegations for their basic elements. Unimax has failed to plead facts supporting any of the elements of a plausible claim for intentional interference with prospective economic advantage or inducing breach of contract.

Under Washington law, there are five elements to the tort of interference with a business expectancy. *Seabury & Smith, Inc. v. Payne Fin. Grp., Inc.*, 393 F. Supp. 2d 1057, 1063-64 (E.D. Wash. 2005). A plaintiff must establish: (1) the existence of a valid contractual relationship or business expectancy; (2) that the defendant(s) had knowledge of the expectancy; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that the defendant interfered for an improper purpose or used improper means; and (5) resulting damage. *Newton Ins. Agency v. Caledonian Ins. Grp.*, 114 Wash.App. 151, 157-58, 52 P.3d 30 (2002) (citing *Leingang v. Pierce County Med. Bureau*, 131 Wash.2d 133, 157, 930 P.2d 288 (1997)). Interference with a business expectancy is intentional if "the actor desires to bring about or if he knows that the

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 8

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

interference is certain or substantially certain to occur as a result of his action." *Seabury*, 393 F. Supp. 2d at 1064. The purposeful interference element requires purposefully *improper* interference. *Leingang*, 131 Wash.2d at 157. Additionally, "[t]o be improper, interference must be wrongful by some measure beyond the fact of the interference itself, such as a statute, regulation, recognized rule of common law, or an established standard of trade or profession." *Moore v. Commercial Aircraft Interiors, L.L.C.*, 168 Wash. App. 502, 510 (2012). "Exercising in good faith one's legal interests is not improper interference." *Leingang*, 131 Wash.2d at 157.

Unimax has not alleged any facts plausibly supporting these elements. First, Unimax does not allege facts regarding a contractual relationship or business expectancy Unimax had with its supplier, Great Talent. Unimax's conclusory allegation, on information and belief, that T-Mobile "interfered with Unimax's business relation and monetary expectancy with its supplier, Great Talent" merely restates an element and is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678; Compl. ¶ 4.18.

Second, Unimax does not allege that T-Mobile had any knowledge of a contract or business expectancy between Unimax and Great Talent. Again, Unimax alleges only a conclusory statement that "T-Mobile had knowledge that Unimax had a business relationship with Great Talent and potential future dealings with Great Talent in relation to the development and manufacturing phones for Unimax." (Compl. ¶ 4.19.) Unimax alleges no facts regarding how T-Mobile had such knowledge or that such knowledge included knowledge of a contractual relationship or business expectancy between Unimax and Great Talent.

Third, Unimax has not alleged facts plausibly showing intentional interference by T-Mobile with Unimax's relationship with Great Talent. Unimax's repetition of the legal element by alleging that "T-Mobile intentionally induced and/or caused the termination of the business relationship and/or expectancy between Unimax and Great Talent" falls far short of pleading facts showing intentional interference. *See Iqbal*, 556 U.S. at 678.

Fourth, Unimax does not allege facts supporting that its business relationship with Great Talent was breached or terminated, nor that Unimax suffered damages as a result. Unimax alleges only that it owes "Great Talent millions of dollars for the manufacturing, development and continued

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

storage of these U696CL devices." Unimax has not alleged that it has not paid the money it owes to Great Talent, nor has Unimax alleged that either it or Great Talent breached a contract or that their relationship has been terminated.

Finally, Unimax has not alleged facts supporting an improper purpose or improper means by which T-Mobile allegedly interfered with its relationship with Great Talent; rather, just like all the other elements of this claim, Unimax makes a conclusory allegation that T-Mobile's interference "was for an improper purpose or by improper means," without supporting facts. (Compl. ¶ 4.21.) By definition, T-Mobile exercising its express contractual rights to cancel a purchase order is not an improper means. *See Birkenwald Distrib. Co. v. Heublein, Inc.*, 55 Wash. App. 1, 12, 776 P.2d 721, 727 (1989) (affirming dismissal of tortious interference claim where defendant's "means were not wrongful because [defendant] had a contractual right to select a distributor of its choice to replace [plaintiff]"). Nor does Unimax articulate any improper purpose in T-Mobile canceling a purchase order after substantial returns and technical issues prompted extensive investigation and discussions between T-Mobile and its supplier. *See id.* ("Asserting one's rights to maximize economic interests does not create an inference of ill will or improper purpose.").

Any one of these pleading failures would doom Unimax's tortious interference claim; collectively, they render it woefully deficient. *See Newton Ins. Agency*, 114 Wash.App. at 157-58; *Paradigm*, 631 F. Supp. 3d at 969 (dismissing claim for tortious interference with contractual relations for failure to plead facts supporting Amazon's knowledge of or interference with Paradigm's contracts). Unimax's pleading of its intentional interference with prospective economic advantage or inducing breach of contract is precisely the type of "legal conclusion couched as a factual allegation" that courts must reject under *Iqbal*, and the Court should dismiss it for failure to state a claim. *Iqbal*, 556 U.S. at 678.

**D.    Unimax has not stated a claim for fraudulent and/or negligent misrepresentation.**

Unimax's claim for fraudulent and/or negligent misrepresentation fails for multiple independent reasons. First, Unimax has failed to plead supporting facts regarding T-Mobile's alleged misrepresentation with the particularity required to state a claim that sounds in fraud. Unimax alleges

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

nothing supporting the conclusion that T-Mobile did not believe its representation when made. Second, Unimax's claim fails because it is not based on an alleged misrepresentation of *existing fact*. Rather, Unimax claims T-Mobile misrepresented its future intention to accept delivery of devices from Unimax. As a matter of law, such future promises of performance are not valid grounds for fraudulent or negligent misrepresentation claims.

To plead a claim for fraudulent misrepresentation, Unimax must plead the following elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon the representation; and (9) damages suffered by the plaintiff. *W. Coast, Inc. v. Snohomish Cnty.*, 112 Wash. App. 200, 206, 48 P.3d 997 (2002) (citing *Stiley v. Block,* 130 Wash.2d 486, 505, 925 P.2d 194 (1996)). A fraudulent misrepresentation claim must allege the misrepresentation to be knowingly false or made with reckless disregard for the truth. *Polskie Linie Lotnicze Lot S.A. v. Boeing Co.*, No. 21-cv-1449-RSM, 2022 WL 4598486, at *4 (W.D. Wash. Sept. 30, 2022).

To plead a negligent misrepresentation, Unimax must plead facts supporting a plausible claim that (1) the defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages. *Austin v. Ettl*, 171 Wash. App. 82, 88, 286 P.3d 85, 89 (2012) (citing *Ross v. Kirner*, 162 Wash.2d 493, 499, 172 P.3d 701 (2007)) .

Under Federal Rule of Civil Procedure 9(b), to plead fraud, Unimax "must state with particularity the circumstances constituting fraud." Fed. Rule Civ. Proc. 9(b); *see also Bucher Aerospace Corp. v. Bombardier Aerospace Corp.*, No. 22-CV-1238, 2023 WL 4421802, at *5 (W.D. Wash. July 10, 2023) (applying Rule 9(b)'s heightened pleading standard and dismissing negligent misrepresentation claim). "[C]onclusory assertions and general complaints do not provide the who,

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 11

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington  98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

what, when, where, and how of a properly pleaded fraud claim." *Wilson v. Bank of Am., NA*, No. 13-cv-1567-RSL, 2014 WL 841527, at *4 (W.D. Wash. Mar. 4, 2014).

Unimax's vague and conclusory allegations of T-Mobile's misrepresentation fall far short of stating a plausible claim for fraudulent or negligent misrepresentation. Unimax's claim appears to be based entirely on one meeting in January 2023 (four months before T-Mobile canceled its purchase orders), at which Unimax alleges "T-Mobile representatives represented to Unimax that they were going to moving [*sic*] forward with the PO's for 427,560 U696CL mobile devices." (Compl. ¶ 3.24.) But Unimax alleges no facts supporting that this statement was false when made, let alone that T-Mobile knew it was false.[4] *See, e.g.*, *Tran v. Bank of Am., N.A.*, No. 12-cv-1281-RSM, 2013 WL 64770, at *4 (W.D. Wash. Jan. 4, 2013) (dismissing negligent misrepresentation claim for failure to plead facts showing defendant supplied false information and dismissing fraud claim for failure to plead sufficient detail under Rule 9(b)). Nor does Unimax allege facts supporting that T-Mobile was negligent in obtaining or communicating false information. Unimax merely alleges that T-Mobile canceled its orders for those 427,560 U696CL devices approximately four months later. (Compl. ¶ 3.36.)

Unimax's fraudulent or negligent misrepresentation claim fails for the additional and independent reason that statements of future performance are not valid grounds for a fraudulent or negligent misrepresentation claim. *Wessa v. Watermark Paddlesports, Inc.*, No. 06-cv-5156-FDB`, 2006 WL 1418906, at *3 (W.D. Wash. May 22, 2006) (dismissing misrepresentation claims because "[p]romises of future performance are not representations of presently existing fact"); *Segal Co. (E. States) v. Amazon.Com*, 280 F. Supp. 2d 1229, 1232 (W.D. Wash. 2003) (granting motion to dismiss; "In this case, plaintiffs' fraud claim rests on the fact that defendant misrepresented its intent to fulfill a future promise. As a matter of law, this allegation cannot provide a basis for a fraud claim."); *Glacier*

---

[4] Unimax's allegations also fail to plead fraud because Unimax cannot plead fraud on information and belief and has pleaded no factual basis for that information and belief. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (rejecting "allegations of fraud based on information and belief"); *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1137 (W.D. Wash. 2013) (dismissing fraud claims; "a plaintiff who makes allegations on information and belief must state the factual basis for that belief, even with regard to matters within the defendant's knowledge").

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 198 Wash. 2d 768, 800 (2021) ("A fraudulent misrepresentation claim and a negligent misrepresentation claim both require the misrepresentation to be one of existing fact; a promise of future performance is . . . not an actionable statement."), *rev'd on other grounds,* 598 U.S. 771 (2023). Unimax alleges that T-Mobile misrepresented that T-Mobile was "going to mov[e] forward" (Compl. ¶ 3.24), "would be moving forward with accepting" (Compl. ¶ 3.42) and "would accept delivery" (*id.* ¶ 4.23) of the devices it had ordered from Unimax. (Emphasis added in all quotations.) The misrepresentations Unimax alleges are precisely the types of future promises of performance that cannot support a claim for fraudulent and/or negligent misrepresentation.

At bottom, Unimax's claim for fraudulent and/or negligent misrepresentation merely restates a breach of contract claim—Unimax alleges that T-Mobile represented it would accept the devices it ordered and then canceled those orders. If Unimax's theory supported a misrepresentation claim, all breach of contract plaintiffs could similarly plead a misrepresentation claim by alleging that defendants represented they would perform the terms of the parties' contract and then subsequently breached those terms. That is inconsistent with the law and common sense, and the Court should reject Unimax's bootstrapped claim for fraudulent and/or negligent misrepresentation.

### E.   Unimax's declaratory judgment claim is not a proper cause of action, and Unimax has not stated a claim for declaratory relief.

Unimax's cause of action seeking a declaratory judgment is not properly pleaded as an independent cause of action and fails for the same reasons as its other causes of action.

The Declaratory Judgment Act creates a remedy, not a cause of action. Where, as here, the plaintiff fails to state a claim for the underlying causes of action, its request for a declaratory judgment must also fail. *See Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) (citations omitted); *McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 910 (W.D. Wash. 2022), *aff'd*, No. 22-cv-35456, 2023 WL 7318690 (9th Cir. Nov. 7, 2023). Requests for declaratory judgment orders that merely impose the remedies provided for in other claims are duplicative and may also be

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 13

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

dismissed on that basis. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir.2007); *see also Microsoft Corp. v. Motorola, Inc.*, No. 10-cv-1823-JLR, 2011 WL 11480223, at *5 (W.D. Wash. June 1, 2011).

Unimax's request for declaratory judgment is derivative of its other causes of action and should be rejected for the same reasons. *See, e.g.*, *Pontiler*, 824 Fed. App'x at 527 (affirming dismissal of request for declaratory relief where, "insofar as Plaintiff asks us to declare Defendants breached the contract, we have already held they did not"); *Haywood*, 2023 WL 4585362, at *11 ("Because the other causes of action fail to state a claim, Plaintiff has not established the requisite 'substantial controversy' for a declaratory judgment.").

**F.      Unimax's claims should be dismissed with prejudice and without leave to amend.**

Unimax's claims should be dismissed with prejudice and without leave to amend because all of Unimax's claims are based on T-Mobile's cancellation of purchase orders—an act that is expressly permitted by the parties' contract. Unimax therefore cannot amend its Complaint to successfully state a claim. Indeed, any amended complaint would be subject to dismissal. *See, e.g.*, *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (court may deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal"); *Haywood*, 2023 WL 4585362, at *11 ("Amending the breach of contract claim would be futile because this claim seeks to hold Amazon liable for conduct . . . that the Conditions and Guidelines expressly permitted.").

### IV.      CONCLUSION

For the foregoing reasons, Unimax fails to state a claim for any of its causes of action against T-Mobile, and amendment of Unimax's Complaint would be futile. T-Mobile respectfully requests that the Court dismiss Unimax's Complaint with prejudice and without leave to amend.

DATED this 22nd day of January, 2024.

I certify that this memorandum contains 5,300 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Thomas J. Bone*
Michael A. Moore, WSBA No. 27047
Thomas J. Bone, WSBA No. 43965

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1015 Second Avenue, Floor 10
Seattle, WA 98104
Tel: (206) 625-8600
Fax: (206) 625-0900
mmoore@corrcronin.com
jbone@corrcronin.com

Lawrence H. Heftman (*pro hac vice*)
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5725
Fax: (312) 258-5600
lawrence.heftman@afslaw.com

Robert D. Boley (*pro hac vice*)
350 S. Main Street, Ste. 210
Ann Arbor, MI 48104
Tel: (734) 222-1557
Fax: (734) 222-1501
robert.boley@afslaw.com

DEFENDANT'S MOTION TO DISMISS
No.: 2:23-cv-01830-KKE – Page 15

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington  98104-1001
Tel (206) 625-8600
Fax (206) 625-0900