UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIMAX COMMUNICATIONS LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>T-MOBILE USA INC,<br><br>            Defendant. | CASE NO. C23-01830-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Plaintiff Unimax Communications LLC ("Unimax") sued Defendant T-Mobile USA Inc. ("T-Mobile") after T-Mobile canceled three sets of purchase orders ("POs") for mobile phones. The Court granted T-Mobile's motion to dismiss Unimax's breach of contract and declaratory judgment claims without leave to amend because the parties' contract explicitly allowed T-Mobile to cancel the POs. Dkt. No. 25 at 5–9, 14–15. The Court also dismissed Unimax's negligent/fraudulent misrepresentation claims and intentional interference with prospective economic advantage/inducing contract breach claim, but granted leave to amend. *Id.* at 9–14. Unimax now moves for reconsideration of the Court's order, claiming the Court committed manifest error. Dkt. No. 26. Unimax's motion merely reiterates arguments the Court already considered or inappropriately posits new theories without authority. As such, the Court denies Unimax's motion.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

I. ANALYSIS

The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). A "manifest error" is one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."[1] *Santiago v. Gage*, No. 3:18-cv-5825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) (quoting BLACK'S LAW DICTIONARY 622 (9th ed. 2009)). "A motion for reconsideration should not be used to ask the court to rethink what the court has already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, No. C18-1778-JCC, 2019 WL 1239269, at *1 (W.D. Wash. Mar. 18, 2019) (quoting *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, No. C17-0784-JCC (W.D. Wash. 2017), ECF No. 61 at 1). Unimax argues the Court made seven errors.[2] The Court will address each in turn.

First, Unimax states in a footnote of its motion that the "Court erroneously mislabeled Unimax's causes of action for Contractual Interference with a Prospective Economic Advantage and Inducing a Breach of Contract as a claim for 'Contractual Interference with Contract.'" Dkt. No. 26 at 1 n.1. Unimax does not cite where this alleged error is, nor does the Court find any reference in its order to "Contractual Interference with Contract." *See generally* Dkt. No. 25.

Second, Unimax argues it pleaded sufficient facts to find a breach of the contract and that the Court disregarded these facts. Dkt. No. 26 at 4–5, 10–12. The Court dismissed the breach of contract claim because the contract explicitly allowed T-Mobile to cancel the purchase orders and

---

[1] Unimax's argument that manifest error on a motion for reconsideration is the same as an abuse of discretion standard is not persuasive. Dkt. No. 26 at 3, 9 (citing cases that do not discuss motions for reconsideration).

[2] Unimax's motion is organized into four categories of errors (Dkt. No. 26), but the Court identifies seven distinct allegations of manifest error to address.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

the contract did not require T-Mobile to pay for the products until they were physically delivered, which they never were. Dkt. No. 25 at 5–7. Unimax claims that "Plaintiff specifically pled the POs were accepted" (Dkt. No. 26 at 10) and that because it alleged a T-Mobile represented "assured **acceptance of delivery**" of the products, T-Mobile "**accepted delivery**" of the products for purposes of surviving the motion to dismiss (*id.* at 4). Both theories fail. Unimax confuses acceptance of the POs with the physical delivery of the phones. As the Court explained in its order, T-Mobile only had to pay for the phones when they were delivered. Dkt. No. 25 at 7. Unimax never pleaded the phones were physically delivered and, in fact, confirmed that delivery never occurred. Dkt. No. 20 at 4 (discussing "continued storage of these U696L devices"). And merely pleading that a T-Mobile representative "assured" future acceptance of the phones does not equate to pleading the phones were in fact delivered. Regardless, it is undisputed that they were not. As such, Unimax's second claim for manifest error fails because it does not identify any facts that the Court disregarded.

Third, Unimax claims the Court failed to apply Washington's Uniform Commercial Code ("UCC") to determine whether it pleaded a breach of contract claim. Dkt. No. 26 at 6, 12–13. Unimax did not cite or reference the UCC in its opposition to the motion to dismiss. *See generally* Dkt. No. 20. Thus, the Court's failure to consider this argument is solely because of Unimax's failure to raise it. *See Carroll v. Nakatini*, 342 F.3d 934, 945 (9th Cir. 2003) (holding a party may not seek reconsideration of a judgment "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Moreover, Unimax's untimely UCC arguments in its motion for reconsideration lack citation or authority. Unimax identifies no manifest error in the Court's breach of contract analysis.

Fourth, Unimax complains the Court "erroneously reasons that [t]here is no authority that a party can violate an implied duty while exercising an express contractual remedy." Dkt. No. 26

at 12.  Unimax cites two cases to support its claim that a party can violate the duty of good faith and fair dealing even when merely exercising its contractual right: *SAK & Assocs. v. Ferguson Constr., Inc.*, 357 P.3d 671, 676 (Wash. Ct. App. 2015); and *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628 (Wash. Ct. App. 1997).  *Id.* at 13.  Neither of these cases appears in the discussion of this implied duty in Unimax's opposition to the motion to dismiss.  *See generally* Dkt. No. 20 (only citing *SAK* for the "illusory" argument).  Thus, this argument fails to raise an issue of manifest error.  *Carroll*, 342 F.3d at 945.  Even more, both cases support the Court's order because they dismissed the breach of contract claims, found no breach of the implied duty, and relied on *Badgett v. Security State Bank*, 807 P.2d 356 (Wash. 1991), which the Court relied on in its order (Dkt. No. 25 at 8).  *See SAK & Assocs.*, 357 P.3d at 677 ("The implied duty of good faith and fair dealing does not allow one party to reshape or evade the bargain that was mutually agreed."); *Goodyear*, 935 P.2d at 633.  Unimax has not shown that the Court's good faith and fair dealing analysis contains manifest error.

Fifth, Unimax argues the Court erred in dismissing the declaratory judgment claim because the Court did not evaluate whether the contract was substantively or procedurally unconscionable. Dkt. No. 26 at 7–8, 13–14.  To be clear, the declaratory judgment action was dismissed because it merely reiterated Unimax's contract claim.  Dkt. No. 25 at 14–15.  And in its discussion of the breach of contract claim, the Court noted that Unimax's opposition to the motion to dismiss did not provide any explanation or authority to support finding the contract unconscionable.  *Id.* at 6 n.4.  Unimax cannot now argue the Court should consider an argument that it failed to make in its underlying briefing.  *Carroll*, 342 F.3d at 945.  Unimax has not shown that the Court committed manifest error in dismissing the declaratory judgment claim.

Sixth, Unimax argues the Court erred in its analysis of the misrepresentation claims.  Dkt. No. 26 at 8, 14.  Unimax asserts it "alleged within the pleadings that there were oral assurances by

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 4

T-Mobile that it will accept delivery. This is distinct from promises of future performance." *Id.* at 8. While oral assurances and promises of future performance can be distinct, the facts here involve an oral statement of future performance, which under Washington case law cannot support a misrepresentation claim. *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 500 P.3d 119, 136 (Wash. 2021) (finding an oral statement of future performance insufficient to support both negligent and a fraudulent misrepresentation claims), *rev'd and remanded on other grounds*, 598 U.S. 771 (2023). Unimax's misrepresentation claims based on a future promise were properly dismissed with leave to amend.

Lastly, Unimax concludes "under Washington State jury instructions for Intentional Interference with Prospective Economic Advantage, Plaintiff would not be required [to] plead the 'relationship between Unimax and Great Talent' in further detail." Dkt. No. 26 at 8. This statement lacks authority and fails to show any manifest error.

In sum, Unimax identifies no manifest error in the Court's order on T-Mobile's motion to dismiss.

## II.  CONCLUSION

For these reasons, the Court DENIES Unimax's motion for reconsideration. Dkt. No. 26.

Dated this 16th day of July, 2024.

Kymberly K. Evanson
United States District Judge